23-0291-C

NO. _____

| | | |
|---|---|---|
| TONDA JOLANE HELMS<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| BAYVIEW LOAN SERVICING, LLC,<br>COMMUNITY LOAN SERVICING, LLC,<br>PAUL A. HOEFKER AND<br>ROBERT L. NEGRIN<br>Defendants. | § § § § § | OF SMITH COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Tonda Jolane Helms, Plaintiff herein, formally known as Tonda Jolane Harris, and files this Original Petition for Declaratory Judgment, Application for Temporary Restraining Order and Application for Temporary Injunction. In support thereof, Plaintiff would show the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### II. PARTIES AND SERVICE

2. Plaintiff, Tonda Jolane Helms, is an individual and resident of the State of Texas and resides in Smith County, Texas. The last three numbers of Plaintiff's driver's license number are 682. The last three numbers of Plaintiff's social security number are 083.

3. Defendant Bayview Loan Servicing, LLC is a foreign limited liability company doing business in the State of Texas, and Smith County, and may be served with process by serving the registered agent of said company, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant as described above can be effected by personal delivery. Upon information and belief, Defendant Bayview Loan Servicing, LLC is the prior name and the same company as Defendant Community Loan Servicing, LLC.

4. Defendant Community Loan Servicing, LLC is a foreign limited liability company doing business in the State of Texas, and Smith County, and may be served with process by serving the registered agent of said company, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant as described above can be effected by personal delivery. Upon information and belief, Defendant

Community Loan Servicing, LLC is the current name and the same company as Defendant Bayview Loan Servicing, LLC.

5. Defendant Paul A. Hoefker is an individual and resident of Texas and may be served with process at his office at the following address: 701 N. Post Oak Road, Suite 205, Houston, Texas 77024. Service of said Defendant as described above can be effected by personal delivery. Defendant Paul A. Hoefker is sued as a substitute trustee seeking to foreclose on real property owned by Plaintiff.

6. Defendant Robert L. Negrin is an individual and resident of Texas and may be served with process at his office at the following address: 701 N. Post Oak Road, Suite 205, Houston, Texas 77024. Service of said Defendant as described above can be effected by personal delivery. Defendant Robert L. Negrin is sued as a substitute trustee seeking to foreclose on real property owned by Plaintiff.

### III. JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000 and nonmonetary relief.

9. This court has jurisdiction over Defendants because the Defendants are seeking to foreclose on real property located within Smith County, Texas, such actions being made the basis of this Lawsuit, and because the causes of action arising in this Lawsuit concern real property located within Smith County, Texas.

10. Venue in Smith County, Texas is proper in this cause under the Texas Civil Practice and Remedies Code because this suit concerns real property located within Smith County, Texas and a note and deed of trust secured by that real property in Smith County, Texas.

### IV. FACTS

11. On or about December 30, 2022, the Defendants mailed to the Plaintiff a Notice of Acceleration of Maturity (the "Notice of Acceleration") regarding their alleged acceleration of a Note (the "Note") in the original principal balance of $300,000 which was secured by a Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing (the "Deed of Trust"), which said Deed of Trust was recorded in volume 7764, Page 845, Official Public Records of Smith County, Texas (the "Deed of Trust") and relates to the real property (the "Property") described in the Notice of Acceleration, which is owned by the Plaintiff. A true and correct copy of this Notice of Acceleration is attached hereto and incorporated herein as Exhibit A.

12. In the Notice of Acceleration, Defendant Bayview Loan Servicing, LLC claims to be the current holder of the Note and party entitled to foreclose under the Deed of Trust. Also, in the Notice of Acceleration, Defendant Community Loan Servicing, LLC is alleged to be the mortgage servicer for the Note and claims to operate on behalf of Defendant Bayview Loan Servicing, LLC. Upon information and

belief, these are the same two companies. Pursuant to an Amendment to Registration, Defendant Bayview Loan Servicing, LLC changed its name to Defendant Community Loan Servicing, LLC on September 28, 2020, showing them to be the same company. A true and correct copy of this Amendment to Registration is attached hereto and incorporated herein as Exhibit B.

13. The Notice of Acceleration claims that $400,493.73 is the amount due and owing on the Note, as secured by the Deed of Trust, as of December 30, 2022. No calculation of this amount owed is provided by the Defendants. However, the Plaintiff has received a Form 1098 regarding her Mortgage Interest paid on the Property from the Defendant Community Loan Servicing, LLC, which states that the outstanding mortgage principal amount is $249,341.07 as of December 31, 2022. This amount is significantly less than what is stated in the Notice of Acceleration, despite the Form 1098 being the alleged amount outstanding on the Note as of the end of 2022. A true and correct copy of this Form 1098 from the Defendant Community Loan Servicing, LLC is attached hereto and incorporated herein as Exhibit C.

14. Further, a few months prior to the Notice of Acceleration being mailed and on or about July 14, 2022, the Defendants mailed to the Plaintiff a Demand Letter regarding their allegation of a past due amount on the Note in the amount of $85,880.94. A true and correct copy of this Demand Letter from July 14, 2022 is attached hereto and incorporated herein as Exhibit D. The Plaintiff never received a copy of this letter until this week. Regardless, this amount is also very different and significantly less than the $400,493.73 alleged as owed in the Notice of Acceleration provided by the Defendants roughly six months later. Like the Notice of Acceleration, the Demand Letter from July 14, 2022 also does not show how its amount owed of $85,880.94 is calculated, and the letter basically groups all of the amounts owed into one line item. The Demand Letter is dated July 14, 2022 and contains a "Due Date" of October 1, 2019. The letter, as written, makes no sense.

15. The Plaintiff disputes the Defendants have alleged the correct amount owed in any of these documents, which are the Notice of Acceleration, the Form 1098, and the Demand Letter from July 14, 2022. The Plaintiff asserts that she is not past due on any amounts properly owed on the Note, that the Note cannot and should not have been accelerated, and that there can be no foreclosure because of any acceleration or any past due amounts owed on the Note.

16. To the Plaintiff's knowledge, the Plaintiff has made all of her Note payments for the Property for at least all of 2021 and 2022, and the Plaintiff is not past due regarding any of her payments. These payments have been made by wire transfer and money order as requested and allowed by the Defendants and are all in the amount of not less than $2,600.00, each month. All payments made by the Plaintiff to the Defendants have been accepted by the Defendants, and none have been returned to the Plaintiff. The Plaintiff is unaware of any current default on the Note and Deed of Trust.

17. The Plaintiff has disputed with the Defendants for years regarding the Defendants' impermissibly and forcibly placing property and casualty insurance on real property which is not a part of the Property secured by the Deed of Trust and then improperly seeking reimbursement for the premiums for that insurance under the Deed of Trust. The Plaintiff believes this is what has caused the alleged default, the alleged ability to accelerate the Note, and much of the alleged amounts owed by the Plaintiff. The Defendants have never shown any documentation or calculation otherwise.

18. The Defendants have noticed and are intending to foreclose on the Property on February 7, 2023. A true and correct copy of the Notice of Sale is attached hereto as Exhibit E. The Defendants are currently refusing to agree to not foreclose on February 7, 2023. The Defendants have never provided an accounting or calculation of the alleged amount owed by the Plaintiff nor have they provided any other basis for any of the numbers which they are asserting as owed, which are greatly inconsistent as shown above. The Defendants have never been able to accurately identify the charges added to the Note, whether it was from forcibly-placed insurance or not. The Plaintiff has always been able to maintain and has maintained sufficient insurance on the Property to satisfy the obligations of the Deed of Trust. The Defendants certainly have never refunded the payment for insurance premiums unnecessarily added and sought to be collected from the Plaintiff.

19. These facts are all supported by the Affidavit of Plaintiff, attached hereto and incorporated herein as Exhibit F.

## V. BREACH OF CONTRACT AND DECLARATORY JUDGMENT

20. Plaintiff incorporates the allegations contained above as if fully set forth and stated herein.

21. By improperly accelerating the Note and by seeking reimbursement of insurance premiums which are not owed by Plaintiff and which should not be the basis of any default of the Deed of Trust and by seeking to foreclose on the Property despite there being no default on same and by seeking to foreclose on the Property for an amount of debt which is not correct, the Defendants have breached the Note and the Deed of Trust. Such breaches have caused the Plaintiff damages in an amount in excess of the jurisdictional limits of this Court.

22. There exists a genuine controversy between the parties herein regarding the Note and the Deed of Trust that would be terminated by the granting of declaratory judgment. Plaintiff therefore requests that declaratory judgment be entered as follows: that the Defendants wrongfully accelerated the maturity of the Note, that the Plaintiff, at all times, maintained the requisite hazard and casualty insurance on the relevant Property which was the collateral for the Note and Deed of Trust, that the Defendants improperly, forcefully placed insurance on real property that was not contractually required, that the Defendants are unable to obtain reimbursement from the Defendants for this improperly and forcefully

placed insurance, and that the amount allegedly owed by the Plaintiff to the Defendants as represented by the Defendants is not the correct amount owed by Plaintiff to the Defendants. Plaintiff further seeks a declaratory judgment from this Court as to the correct, current amount of the unpaid balance of the Note, if any unpaid balance does exist.

### VI. APPLICATION FOR TEMPORARY RESTRAINING ORDER

23.     Plaintiff incorporates the allegations contained above as if fully set forth and stated herein.

24.     The Defendants, unless restrained, will sell or cause the Property of the Plaintiff to be sold on February 7, 2023, at or about 10:00 a.m., on the currently scheduled foreclosure date. Plaintiff will suffer immediate and irreparable harm unless the foreclosure sale as scheduled is restrained and enjoined, as well as all other attempts of the Defendants to sell the Property. The foreclosure sale, and any other sale, will deprive Plaintiff of the use and enjoyment of the Property, which is a mobile home park and currently how the Plaintiff and her husband support themselves and make a living. Additionally, Plaintiff will lose the right to sell or mortgage the Property at some future date and will not obtain full benefit of the appreciated value. There is no adequate remedy at law that will protect Plaintiff's property interest against such wrongful foreclosure which would provide the Plaintiff complete, final and equal relief. Because the foreclosure sale is imminent, there is not enough time to serve notice on the Defendants and hold a hearing. The Plaintiff is willing to post a bond in the amount required by the Court. This request for a Temporary Restraining Order is so that justice may be done, not merely for delay. Plaintiff is ready, willing, and able to perform each and every obligation imposed by the Note and Deed of Trust and to perform such equitable acts as the Court deems necessary. Plaintiff requests that the Court issue a Temporary Restraining Order ex parte and without notice to the Defendants restraining them from directly or indirectly selling or attempting to sell the Property, which includes all attempts to foreclose on the Property, pending a hearing on a Temporary Injunction.

### VII. APPLICATION FOR TEMPORARY INJUNCTION

25.     Plaintiff incorporates the allegations contained above as if fully set forth and stated herein.

26.     The Defendants, unless restrained, will continue to attempt to sell or cause the Property of the Plaintiff to be sold as the result of future, attempted foreclosures. Plaintiff will suffer immediate and irreparable harm unless the foreclosure sale attempts and all other attempts to sell the Property of the Defendants are restrained and enjoined until a trial or hearing on the merits. A foreclosure sale or other sale will deprive Plaintiff of the use and enjoyment of the Property, which is a mobile home park and currently how the Plaintiff and her husband support themselves and make a living. Additionally, Plaintiff will lose the right to sell or mortgage the Property at some future date and will not obtain full benefit of

the appreciated value. There is no adequate remedy at law that will protect Plaintiff's property interest against such wrongful foreclosure which would provide the Plaintiff complete, final and equal relief. Plaintiff is willing to post the bond required of this Court for the Temporary Injunction. Plaintiff requests that the Court set a hearing for a Temporary Injunction and grant a Temporary Injunction restraining the Defendants from directly or indirectly selling or attempting to sell the Property, which includes all attempts to foreclose on the Property, pending a trial or hearing on the merits.

## VIII. ATTORNEY'S FEES

27.     Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just. Plaintiff believes such attorney's fees shall exceed the sum of at least $35,000.00. Plaintiff would further seek attorney's fee for Defendants' breach of the contract as described above.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Court award the Plaintiff the following:

(1)     A Temporary Restraining Order issued ex parte without notice to the Defendants, restraining the Defendants, their agents, servants, and employees, from directly or indirectly selling or attempting to sell the Property on February 7, 2023, and at any other time during the time period of the Temporary Restraining Order, whether through the foreclosure process or through any other way;

(2)     A Temporary Injunction be issued, after notice to Defendants and an evidentiary hearing, temporarily enjoining the Defendants, their agents, servants, and employees, from directly or indirectly selling or attempting to sell the Property at any time, whether during a foreclosure process or in any other way, until such time as a trial or hearing on the merits is completed or upon such conditions as the Court deems equitable;

(3)     Actual Damages;

(4)     Attorney's Fees;

(5)     Court costs; and

(6)     Such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Berry Richardson, P.C.
100 Independence Pl., Suite 400
Tyler, Texas 75703
903 561-4200; FAX 903 561-8922

_____
By: John F. Berry
Texas Bar No. 02236650
jfberry@jberrylaw.net
Brian E. Richardson
Texas Bar. No. 24068651
brichardson@jberrylaw.net
Attorneys for Plaintiff